CAMPBELL v. NEW IDEA ARC LIGHT CO.

(Circuit Court, S. D. New York. June 23, 1909.)

1. PATENTS (§ 311*)—INFRINGEMENTS—DEFENSES—VALIDITY—PLEADING.

Where, in a suit for infringement of a patent, the only defenses pleaded were that complainant's alleged original invention was in extensive use throughout the United States for more than two years prior to the dates pleaded as those on which the applications for patents were made, and a denial of infringement, the court will be concluded as to the validity of the patent, in view of the prior state of the art, by the presumption in its favor arising from the grant of the patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 542; Dec. Dig. § 311.*]

2. PATENTS (§ 77*)—ADJUSTMENT OF APPLIANCES—DEDICATION TO PUBLIC.

Where complainant put into public use certain unsuccessful gas lamps, which, while resembling in external appearance his subsequent patented lamp, did not embody the nice adjustment of parts which was the gist of

---

the patent, No. 872,895, subsequently obtained, the patent was not invalidated by a prior dedication of the patented article to the public.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 77.*

Priority and continuance of public use of invention as affecting patentability, see note to Eastman v. Mayor, etc., of City of New York, 69 C. C. A. 646.]

In Equity. Final hearing in suit by Charles A. Campbell against the New Idea Arc Light Company for patent infringement. Judgment for complainant.

See Campbell v. Magnet Light Co. (C. C.) 175 Fed. 117.

Isaac B. Owens, for complainant.
Harold M. Phillips, for defendant.

HOUGH, District Judge. To find that the defendant is an imitator of complainant's product needs nothing more than an examination of exhibits; but more is found in this case, inasmuch as defendant not only admits the imitation, but asserts his right to imitate. Defendant, however, declares (in substance) that what he has imitated is not complainant's patented article, but something which complainant manufactured, sold, and permitted the public to use for more than two years prior to the date of application for letters patent 872,895. The question, therefore, whether defendant is not only an imitator, but an infringer, depends upon whether he has sustained the defenses set up in his answer, which are two (and no more).

The first defense is that complainant's alleged original invention was "in extensive use throughout the United States for more than two years prior to the dates set forth in the (bill of complaint) as those on which his applications for letters patent were made"; and the second defense is a denial of infringement. As above indicated, the defendant's imitation is so plain that the defense really rests upon alleged use for two years before application filed, and on nothing else. In my opinion a much more serious question would have been presented to the court had the validity of this patent been put in issue by the pleadings. There may be cases in which the lack of patentable novelty is so plain that the court must take cognizance, even though that defense be not pleaded. But in this case, as in all patent cases, the complainant starts with a presumption in favor of his patent, and, whatever may be my own view of the probability of sustaining this very broad patent if the prior state of the art were fully pleaded and shown, I am in this litigation concluded by the presumption in favor of validity plus the silence of defendant's pleadings in respect thereto.

The sole mooted question, therefore, revealed by the evidence herein, is whether the complainant himself permitted the public to use his lamp otherwise than by way of experiment more than two years prior to the filing of his application. That the complainant did permit and encourage and request the public to use a lamp more than two years before application filed is, I think, fully shown by his own testimony. But the inquiry is a narrower one: Did he so permit a public use of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the lamp which is the subject of the patent? I think not. The testimony satisfies me that he put out and into public use unsuccessful lamps, which, while resembling in external appearance his patented lamp, did not embody that nice adjustment of parts which is the gist of his patent as obtained.

Complainant may have a decree as prayed for.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes